USDC SCAN INDEX SHEET

















CAG 6/28/06 9:39

3:03-CV-01438 PEOPLE OF THE STATE V. FAX.COM INC

*135*

*STIP.*

ORIGINAL

FILED

06 JUN 27 PM 1:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

BILL LOCKYER
Attorney General of the State of California
ALBERT NORMAN SHELDEN
Senior Assistant Attorney General
JUDITH A. FIORENTINI, State Bar No. 201747
LORI FORCUCCI, State Bar No. 125345
Deputy Attorneys General
110 West "A" Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2207
Fax: (619) 645-2062
Attorneys for The People of the State of California

STEPHEN CARTER
Attorney General of the State of Indiana
MARGUERITE M. SWEENEY
JUSTIN G. HAZLETT
Deputy Attorneys General
302 W. Washington Street, 5th Floor
Indiana Government Center South
Indianapolis, IN 46204
Telephone: (317) 232-1011
Fax (317) 232-7979
Attorneys for the State of Indiana

PETER D. KEISLER
Assistant Attorney General
CAROL C. LAM
United States Attorney
ARTHUR R. GOLDBERG, D.C. Bar No. 180661
Assistant Branch Director
JOEL McELVAIN, D.C. Bar No. 448431
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 514-2988
Fax: (202) 616-8202
Attorneys for the United States

135 cag

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA; STATE OF INDIANA; and UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>FAX.COM, INC., a Delaware Corporation; KEVIN KATZ, ERIC WILSON; CHARLES MARTIN; THOMAS ROTH; JEFFREY DUPREE; EVERGLADE ENTERPRISES, LLC, a Limited Liability Company; JOE GARSON, individually and doing business as EVERGLADE ENTERPRISES, LLC, a Limited Liability Company; LIGHTHOUSE MARKETING, LLC, a California Limited Liability Company; TECH ACCESS SYSTEMS, CORP., a California Corporation; TELCOM TECH SUPPORT, LLC, a California Limited Liability Company; ROBERT W. BATTAGLIA; IMPACT MARKETING SOLUTIONS, LLC, a California Limited Liability Company; STANTON MARKETING, INC., a California Corporation; PAUL L. STANTON; DATA RESEARCH SYSTEMS, INC., a Nevada Corporation; ACCESS SALES, INC., a Nevada Corporation; and DOES 1-10,<br><br>Defendants. | CASE NO.: 03 CV 1438 DMS (AJB)<br><br>STIPULATION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO KEVIN KATZ AND ERIC WILSON |

Plaintiffs, the People of the State of California, appearing through its attorney, Bill Lockyer, Attorney General of the State of California, by Judith A. Fiorentini, Deputy Attorney General; the State of Indiana, appearing through its attorney, Stephen Carter, Attorney General of the State of Indiana, by Marguerite Sweeney, Deputy Attorney General; and the United States of America, appearing through its attorney, Peter D. Keisler, Assistant Attorney General, by Joel McElvain, Attorney, and Defendants Kevin Katz and Eric Wilson (collectively herein, "Defendants"), appearing personally and through their attorney James H. Casello, hereby stipulate as follows:

1. This Court has jurisdiction over the subject matter and the parties hereto.

2. Plaintiffs and Defendants hereby stipulate and agree that this Court may enter the Final Judgment and Permanent Injunction, a true copy of which is attached hereto as "Exhibit A".

3. This stipulation to the entry of the Final Judgment and Permanent Injunction shall not constitute evidence of an admission by Defendants of any liability or wrongdoing, all of which Defendants deny.

4. This Stipulation represents the entire understanding and agreement of the parties. There are no oral or other understandings between the parties with respect to any matter or claim that is the subject of this lawsuit or of this Stipulation.

5. In consideration of the Defendants' entry into this Stipulation, the United States hereby waives, releases, and remits the Defendants from any civil or administrative claim, sanction, or remedy, direct or indirect, that the FCC has for, or relating to, the provisions of the Telephone Consumer Protection Act or its implementing regulations governing the transmission of facsimiles, other than those remedies stated in the attached proposed judgment.

6. In consideration of the Defendants' entry into this Stipulation, the State of Indiana hereby waives, releases, and remits the Defendants from any civil or administrative claim, sanction, or remedy, direct or indirect, that the State of Indiana raised or could have raised against the Defendants as of the date of this stipulation for, or relating to, the provisions of the Telephone Consumer Protection Act or its implementing regulations, other than those remedies stated in the attached proposed judgment.

7. The Final Judgment and Permanent Injunction constitutes a complete settlement and release by the Attorney General of the State of California of all civil claims and causes of action against Defendants with respect to the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, and California Business and Professions Code §§ 17200 and 17500 which were asserted by Plaintiff, the People of the State of California, in its Third Amended Complaint for Injunction, Damages, Civil Penalties and Other Equitable Relief ("TAC") in this matter, or could have been brought pursuant to the TCPA, 47 U.S.C. § 227, and California Business and Professions Code §§ 17200 and 17500 prior to the date of entry of this Final Judgment and Permanent Injunction, but does not release any criminal, anti-trust or tax claims.

8. The parties enter into this Stipulation freely and voluntarily, and the parties hereby agree and promise that they shall not seek to rescind this Stipulation, or the Final Judgment and Permanent

Injunction, on the grounds of coercion, duress, mistake or any other basis (other than those bases specified in the Final Judgment and Permanent Injunction) after the execution of this stipulation.

9. The undersigned persons have the legal authority to enter into this Stipulation, and each party has authorized its undersigned counsel to execute this stipulation on his behalf.

10. The Final Judgment and Permanent Injunction may be signed by any judge of the United States District Court, Southern District of California, and entered by the Clerk upon application of any of the Plaintiffs, without notice, provided that this Stipulation has been executed by counsel for the parties as listed below.

11. The Final Judgment and Permanent Injunction shall take effect immediately upon entry thereof.

Dated: 6/22/06, 2006

CASELLO & LINCOLN

James H. Casello, Attorneys for Defendants Kevin Katz and Eric Wilson

Dated: ____________, 2006

BILL LOCKYER
Attorney General of the State of California

ALBERT NORMAN SHELDEN
Senior Assistant Attorney General

JUDITH A. FIORENTINI
LORI FORCUCCI
Deputy Attorneys General

Attorneys for The People of the State of California

Injunction, on the grounds of coercion, duress, mistake or any other basis (other than those bases specified in the Final Judgment and Permanent Injunction) after the execution of this stipulation.

9. The undersigned persons have the legal authority to enter into this Stipulation, and each party has authorized its undersigned counsel to execute this stipulation on his behalf.

10. The Final Judgment and Permanent Injunction may be signed by any judge of the United States District Court, Southern District of California, and entered by the Clerk upon application of any of the Plaintiffs, without notice, provided that this Stipulation has been executed by counsel for the parties as listed below.

11. The Final Judgment and Permanent Injunction shall take effect immediately upon entry thereof.

Dated: ______________, 2006

CASELLO & LINCOLN

______________________________

James H. Casello, Attorneys for Defendants Kevin Katz and Eric Wilson

Dated: June 22, 2006

BILL LOCKYER
Attorney General of the State of California

ALBERT NORMAN SHELDEN
Senior Assistant Attorney General

Judith A. Fiorentini

JUDITH A. FIORENTINI
LORI FORCUCCI
Deputy Attorneys General

Attorneys for The People of the State of California

Dated: June 22, 2006

STEPHEN CARTER
Attorney General of the State of Indiana

Marguerite Sweeney
MARGUERITE M. SWEENEY
JUSTIN G. HAZLETT
Deputy Attorneys General
Attorneys for the State of Indiana

Dated: ______________, 2006

PETER D. KEISLER
Assistant Attorney General
CAROL C. LAM
United States attorney
ARTHUR R. GOLDBERG
Assistant Branch Director

______________________________
JOEL McELVAIN
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

Attorneys for the United States

Dated: ______________, 2006

STEPHEN CARTER
Attorney General of the State of Indiana

____________________________
MARGUERITE M. SWEENEY
JUSTIN G. HAZLETT
Deputy Attorneys General
Attorneys for the State of Indiana

Dated: June 21, 2006

PETER D. KEISLER
Assistant Attorney General
CAROL C. LAM
United States attorney
ARTHUR R. GOLDBERG
Assistant Branch Director

____________________________
JOEL McELVAIN
Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

Attorneys for the United States

IT IS SO ORDERED.

DATED 6-27-06

____________________________
UNITED STATES DISTRICT JUDGE

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA; STATE OF INDIANA; and UNITED STATES OF AMERICA,

Plaintiffs,

v.

FAX.COM, INC., a Delaware Corporation; KEVIN KATZ, ERIC WILSON; CHARLES MARTIN; THOMAS ROTH; JEFFREY DUPREE; EVERGLADE ENTERPRISES, LLC, a Limited Liability Company; JOE GARSON, individually and doing business as EVERGLADE ENTERPRISES, LLC, a Limited Liability Company; LIGHTHOUSE MARKETING, LLC, a California Limited Liability Company; TECH ACCESS SYSTEMS CORP., a California Corporation; TELCOM TECH SUPPORT, LLC, a California Limited Liability Company; ROBERT W. BATTAGLIA; IMPACT MARKETING SOLUTIONS, LLC, a California Limited Liability Company; STANTON MARKETING, INC., a California Corporation; PAUL L. STANTON; DATA RESEARCH SYSTEMS, INC., a Nevada Corporation; ACCESS SALES, INC., a Nevada Corporation; and DOES 1-10,

Defendants.

CASE NO.: 03 CV 1438 DMS (AJB)

FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS KEVIN KATZ AND ERIC WILSON

Plaintiffs, the People of the State of California, appearing through its attorney, Bill Lockyer, Attorney General of the State of California, by Judith A. Fiorentini, Deputy Attorney General; the State of Indiana, appearing through its attorney, Stephen Carter, Attorney General of the State of Indiana, by Marguerite Sweeney, Deputy Attorney General; and the United States of America, appearing through its attorney, Peter D. Keisler, Assistant Attorney General, by Joel McElvain, Trial Attorney, and Defendants, Kevin Katz and Eric Wilson, appearing personally and through their attorney James H. Casello, have stipulated and consented to the entry of this Final Judgment and Permanent Injunction As to Defendants Kevin Katz and Eric Wilson ("Final Judgment and

Permanent Injunction") for the purpose of fully resolving all issues raised in this action by California, Indiana and the United States against Defendants Kevin Katz and Eric Wilson.

WHEREAS, California has filed the Third Amended Complaint for Injunction, Damages, Civil Penalties and other Equitable Relief ("TAC") that, *inter alia*, seeks an award of damages, civil penalties and an injunction that would permanently enjoin Defendants Kevin Katz and Eric Wilson from violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, and California Business and Professions Code §§ 17200 and 17500.

WHEREAS, Indiana has filed the TAC that, *inter alia*, seeks an award of damages, civil penalties and an injunction that would permanently enjoin Defendants Kevin Katz and Eric Wilson from violating the TCPA and its implementing regulations.

WHEREAS, the United States has intervened as a plaintiff in this action, and has filed a complaint ("Complaint") that, *inter alia*, seeks the issuance of a writ of mandamus that would permanently enjoin Defendants Kevin Katz and Eric Wilson from violating the TCPA and its implementing regulations.

WHEREAS, it is the desire of Defendants Kevin Katz and Eric Wilson to resolve those matters alleged in the TAC and Complaint, without the need for further litigation.

NOW THEREFORE, based on the agreement of the parties, as shown by their entry into the Stipulation for Entry of Final Judgment and Permanent Injunction as to Defendants Kevin Katz and Eric Wilson, filed concurrently herewith, it is ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over the subject matter and the parties hereto.

2. The injunctive provisions of this Final Judgment and Permanent Injunction are applicable to Defendants Kevin Katz and Eric Wilson ("Defendants"), and to their agents, assigns, employees and representatives, and to all persons acting by, through, under or on behalf of any of the Defendants, and to all persons acting in concert with or participating with the Defendants, or any of them, who have actual or constructive knowledge of this Final Judgment and Permanent Injunction.

3. Pursuant to 47 U.S.C. §§ 227(f) and 401, Defendants, and each of them, are hereby enjoined to comply with the provisions of the TCPA and its implementing regulations, including the

requirement that Defendants, and each of them, take such action as is necessary to remove the danger of such violation, particularly including the following provisions:

a. Defendants are hereby enjoined and restrained from violating, or assisting and/or facilitating in the violation of the provisions of the TCPA, 47 U.S.C. § 227, and/or its implementing regulations, 47 C.F.R. §§ 64.1200, 64.1601(e), and 68.318(d) and (e).

b. Defendants are hereby enjoined and restrained from using a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, as those terms are used in 47 U.S.C. § 227(a)(3), (a)(5) and (b)(1)(C) and 47 C.F.R. § 64.1200(f)(8) and (10).

c. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to send an unsolicited advertisement to a telephone facsimile machine, as those terms are used in 47 U.S.C. § 227(a)(3), (a)(5) and (b)(1)(C) and 47 C.F.R. § 64.1200(f)(8) and (10).

d. Defendants are hereby enjoined and restrained from using any computer or other electronic device to send any message via a telephone facsimile machine, unless the top or bottom of each transmitted page of the message or the first page of the transmission clearly marks the following: (1) the date and time it is sent; (2) an identification of the business, other entity, or individual sending the message; and (3) the telephone number of the sending machine or of such business, other entity, or individual, as provided in 47 U.S.C. § 227(d)(1)(B) and 47 C.F.R. § 68.318(d).

e. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to use any computer or other electronic device to send any message via a telephone facsimile machine, unless the top or bottom of each transmitted page of the message or the first page of the transmission clearly marks the following: (1) the date and time the message is sent; (2) an identification of the business, other entity, or individual sending the message; and (3) the telephone number of the sending machine or of such business, other entity, or individual, as provided in 47 U.S.C. § 227(d)(1)(B) and 47 C.F.R. § 68.318(d).

f. Defendants are hereby enjoined and restrained from using any technology to dial any telephone number for the purpose of determining whether the line is a facsimile or voice line, as provided in 47 C.F.R. § 64.1200(a)(7).

g. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to use any technology to dial any telephone number for the purpose of determining whether the line is a facsimile or voice line, as provided in 47 C.F.R. § 64.1200(a)(7).

h. Defendants are hereby enjoined and restrained from using any faxcaster, or other device, to dial telephone numbers or to transmit facsimile messages. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to use any faxcaster for such purposes. For the purpose of this Final Judgment and Permanent Injunction the term "faxcaster" is defined to mean a computer server that has the capacity to dial a series of telephone numbers, to detect telephone numbers that are connected to a facsimile machine, and/or to transmit messages to telephone numbers that have been detected through this method.

i. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to make telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as provided in 47 U.S.C. § 227(b)(1)(B), and 47 C.F.R. § 64.1200(a)(2).

j. Defendants are hereby enjoined and restrained from making or causing to be made, and continuing to make, telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, as provided in 47 U.S.C. § 227(b)(1)(B), or 47 C.F.R. § 64.1200(a)(2).

k. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to make or cause to be made, and continue to make, telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, as provided in 47 U.S.C. § 227(b)(1)(B), or 47 C.F.R. § 64.1200(a)(2).

l. Defendants are hereby enjoined and restrained from using an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1) and 47 C.F.R. §64.1200(f)(1), to make telephone calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency); to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, as provided in 47 U.S.C. §227(b)(1)(A) and 47 C.F.R. §64.1200(a)(1).

m. Defendants are hereby enjoined and restrained from directing, assisting, or otherwise participating in the efforts of any other individuals or entities to use an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1) and 47 C.F.R. §64.1200(f)(1), to make telephone calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency); to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the callas provided in 47 U.S.C. §227(b)(1)(A) and 47 C.F.R. §64.1200 (a)(1).

n. Defendants are hereby enjoined and restrained from representing, to any recipient of a facsimile that any of the Defendants have transmitted or to any other person, that the recipient's failure to respond to the facsimile may be treated as the recipient's consent to receive further facsimiles under 47 U.S.C. § 227.

4. Defendants, and each of them, concurrently with the entry of this Final Judgment and Permanent Injunction, shall provide Plaintiffs, the People of the State of California and the United States, with Defendants' current physical residential addresses and telephone numbers and shall

notify Plaintiffs in writing within 10 days of any changes of this information. Plaintiffs, the People of the State of California and the United States, agree that Defendants' residential contact information will be kept confidential and will only be used for legitimate law enforcement purposes. Defendants shall provide written notice of this change and provide the current information to the following: California Attorney General's Office, Consumer Law Section, Attention Judith Fiorentini, Deputy Attorney General, 110 West A. St., Ste. 1100, San Diego, California, 92101; and the U.S. Department of Justice, Civil Division, Federal Programs Branch, Attention: Joel McElvain, Trial Attorney, 20 Massachusetts Ave., NW, Washington DC 20001.

5. Pursuant to Business and Professions Code sections 17203 and 17535, the Defendants, and each of them, are hereby enjoined and restrained from:

a. Making or causing to be made, or continuing to make, in violation of California Business & Professions Code § 17500, any untrue or misleading statements to the public in the State of California in an attempt to sell their services to their clients or to sell the products, goods or services of their clients. Such statements include, but are not limited to, the following:

i) Representing, directly or by implication, that there is an agreement between Defendants and the recipients of the facsimiles sent by Defendants under which Defendants have the legal right to send such facsimile advertisements to such recipients, when in fact there is no such agreement;

ii) Representing, directly or by implication, that Defendants have obtained the consent of the facsimile recipients where Defendants have only offered an opportunity for recipients to opt out of Defendants' proprietary database and the recipients have not done so;

iii) Representing, directly or by implication, that Defendants may legally send facsimile advertisements to persons from whom Defendants have not obtained express invitation or permission when in fact they may not legally send such facsimile advertisements;

iv) Representing, directly or by implication, that Defendants will remove the recipient's facsimile number from Defendants' proprietary database when the recipient requests removal, but in fact removal of the number does not occur; and/or if the number is removed, it is only temporarily removed;

v) Failing to disclose and/or misrepresenting the identity of the sender of unsolicited faxes in order to conceal Defendants' identity as the sender from the recipient by any means, including, but not limited to, the following:

(1) Failing to identify Defendants as the entities responsible for sending the fax;

(2) Failing to identify Defendants in the opt-out telephone message recordings a consumer hears when s/he calls the opt-out number to request removal;

(3) Failing to include the actual facsimile number of the sender or number the fax was sent from on the unsolicited facsimiles Defendants send, or using the opt-out toll free telephone number as the sender's "sent from" number;

(4) Varying the toll-free opt-out telephone numbers that are displayed on different unsolicited fax advertisements Defendants send;

(5) Varying the location and font size used to disclose the toll-free opt-out telephone numbers that are displayed on different unsolicited fax advertisements Defendants send;

(6) Failing to identify the advertiser's name in the text or body of the unsolicited fax advertisement Defendants send;

(7) Using an 800 number which does not belong to Defendants as their toll free opt-out number.

b. Engaging in unfair competition as defined in California Business & Professions Code § 17200. Such acts of unfair competition include, but are not limited to, the following acts or practices:

i) Violating the TCPA, 47 U.S.C. § 227(b)(1)(C), or 47 C.F.R. § 64.1200(a)(3) which prohibit the use of any telephone facsimile machine, computer, or other device to send an advertisement to a telephone facsimile machine without the prior express consent of the called party, or an established business relationship exercised in compliance with 47 U.S.C. § 227(b)(1)(C)(ii)-(iii);

ii) Violating the TCPA, 47 U.S.C. § 227 (d) or 47 C.F.R. § 68.318(d) by engaging in a pattern or practice of sending faxes without including in the margin an identification of the business sending the fax and the number from which the fax was sent;

iii) Violating the TCPA, 47 U.S.C. § 227(b)(1)(B) or C.F.R. § 64.1200(a)(2) which prohibit the initiation of a telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party;

iv) Violating California Business & Professions Code § 17500;

v) Using an automatic dialing-announcing device in the state of California to place a call that is received by a telephone in California during the hours between 9 p.m. and 9 a.m. in violation of California Public Utilities Code § 2872;

vi) Transmitting unsolicited faxes, or causing such faxes to be transmitted, to a recipient after receiving notification by any means from that recipient of his or her request not to receive any further unsolicited faxed advertisements;

vii) Varying the toll-free opt-out telephone numbers displayed on each advertisement, and the telephone facsimile machine numbers from which the advertisements are sent, or engaging in any practice which has the effect of making it more difficult for the recipient to determine whether or not Defendants have honored the recipient's request not to receive any more unsolicited faxed advertisements from Defendants;

viii) Making, causing to be made, or continuing to make telephone calls which deliver an unsolicited prerecorded message without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message, in violation of California Civil Code § 1770(a)(22);

ix) When clients of Defendants who use their fax-blasting services are sued in California Small Claims Court for the dissemination of unsolicited facsimile advertisements by the recipients of those faxes, although Defendants are not named as a party in the suit, having Defendants' officers and/or employees appear in court on behalf of Defendants' clients and falsely profess to be officers of and/or employed by such clients, when in fact they are not listed as officers

on any corporate documents on file with the Secretary of State, and they do not receive any compensation as employees and thus are not legally able to represent such clients in Small Claims Court matters;

x) When clients of Defendants who use their fax-blasting services are sued in California Courts for the dissemination of unsolicited facsimile advertisements by the recipients of those faxes, having Defendants' officers and/or employees appear in court on behalf of Defendants and/or Defendants' clients and produce to the Court falsified documents which are offered to show that the recipients of those faxes have requested to receive Defendants faxes when the recipients had made no such request;

xi) Representing, to any recipient of a facsimile that any of the Defendants have transmitted, or to any other person, that the recipient's failure to respond to the facsimile may be treated as the recipient's consent to receive further facsimiles under 47 U.S.C. § 227;

xii) Using an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1) and 47 C.F.R. § 64.1200(f)(1) to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers to make calls to one or more emergency telephone lines; one or more telephone lines of a guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; and one or more telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

xiii) Using any technology to dial any telephone number for the purpose of determining whether the line is a facsimile or voice line.

6. Defendants Kevin Katz and Eric Wilson are jointly and severally liable: (a) to the United States in the amount of $5,379,000 pursuant to 47 U.S.C. § 503(b); (b) to the People of the State of California in the amount of $8,000,000 pursuant to California Business and Professions Code § 17206 and/or 47 U.S.C. § 227(f)(1); and (c) to the State of Indiana in the amount of $1,250,000.00 pursuant to 47 U.S.C. § 227(f)(1) The amount described above payable to the United States shall be paid by cashier's check or money order, made payable to the United States Treasury, and

delivered to the attention of Joel McElvain, U.S. Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Ave., NW, Washington DC 20001. The amount described above payable to the People of the State of California shall be paid by cashier's check or money order, made payable to the People of the State of California, and delivered to the attention of Judith Fiorentini, Deputy Attorney General, Office of the Attorney General, 110 West "A" Street, Suite 1100, San Diego, California 92101. The amounts described above payable to the State of Indiana shall be paid by cashier's check payable to the Indiana Attorney General's Consumer Protection Fund and delivered to the attention of Marguerite M. Sweeney, Chief Counsel, Office of the Indiana Attorney General, 302 W. Washington Street, 5th Floor, Indiana Government Center South, Indianapolis, Indiana 46204. Defendants Katz and Wilson make no representations as to their ability to make the payments described herein.

7. Defendants shall cooperate fully with California, Indiana, and the United States in any civil, criminal, or administrative action against any individuals or entities who participated in the conduct alleged in the TAC in this matter, including such actions against the other named Defendants.

8. In the event that Defendants fail to comply with paragraph 7 of this Final Judgment and Permanent Injunction, which is incorporated by this reference as though set forth fully herein, California, Indiana, or the United States may move to set aside this Final Judgment and Permanent Injunction and take the matter to trial against Defendants Kevin Katz and Eric Wilson.

9. This Court will retain jurisdiction for the purpose of construing or enforcing, this Final Judgment and Permanent Injunction and for purposes of modifying the injunctive provisions of this Final Judgment and Permanent Injunction.

10. By stipulation filed with this Court, the Defendants have acknowledged and waived their right to trial and to appeal from the issuance and contents of this Final Judgment and Permanent Injunction. Based upon this stipulation, the Court finds that such waivers, being knowingly, intelligently, and voluntarily made, are valid and, accordingly, further orders that no appeal be taken from the issuance and contents of this Final Judgment and Permanent Injunction.

11. This Final Judgment and Permanent Injunction shall take effect immediately upon the entry thereof.

Dated: ______________________

______________________________
JUDGE OF THE DISTRICT COURT