USDC SCAN INDEX SHEET

















KSR   7/31/06   16:14

3:03-CV-01438   PEOPLE OF THE STATE V. FAX.COM INC

*140*

*OPPM.*

1  JAMES H. CASELLO, CBN 76021
   DANFORTH F. LINCOLN, CBN 131591
2  Casello & Lincoln
   1551 N. Tustin Avenue, Suite 850
3  Santa Ana, California 92705-8636

4  Telephone:    (714) 541-8700
   Facsimile:    (714) 541-8707
5

6  Attorneys for Defendants FAX.COM, INC., KEVIN KATZ, ERIC WILSON, CHARLES
   MARTIN, THOMAS ROTH and JEFFREY DUPREE

7

FILED

06 JUL 28 AM 10: 05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDC

BY·                          DEPUTY

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  THE PEOPLE OF THE STATE OF            )   Case No.  03 CV 1438 DMS (AJB)
    CALIFORNIA,                           )
12                                        )   JOINT MEMORANDUM OF POINTS
                    Plaintiff,            )   AND AUTHORITIES IN OPPOSITION TO
13                                        )   THE MOTIONS FOR SUMMARY
    vs.                                   )   JUDGMENT BY THE UNITED STATES
14                                        )   AND BY THE PEOPLE OF THE STATE
    FAX.COM, INC., a Delaware Corporation; )   OF INDIANA AND THE STATE OF
15  KEVIN KATZ; ERIC WILSON; CHARLES )   CALIFORNIA AGAINST CHARLES
    MARTIN; THOMAS ROTH; JEFFREY      )   MARTIN
16  DUPREE and DOES 1-10,             )
                                      )   Date:  August 11, 2006
17                  Defendants.       )   Time:  1:30 pm
                                      )   Court: Courtroom 10
18  _____ )   Judge: Hon. Dana M. Sabraw

19                                        Oral Argument Requested

20        Charles Martin respectfully submits the following Points and Authorities in Opposition to

21  the Motions for Summary Judgment filed by the United States and the States of California and

22  Indiana.

23                        I. INTRODUCTORY STATEMENT

24        The Declaration of Charles Martin filed in opposition to this motion establishes that there

25  are genuine issues of material fact that cannot be resolved in a motion for summary judgment.

26  Indeed, the governments case fails to establish any of the necessary facts in order to impose

27  personal liability upon Charles Martin for the conduct of Fax.com, Inc. or any other corporate

28  entity.  As a result, these motions must be denied in their entirety.

140

DECLARATION OF JAMES H. CASELLO IN OPPOSITION TO MOTION

## II. MARTIN'S INVOLVEMENT WITH THE ACTIVITIES OF FAX.COM, INC. DO NO MAKE HIM PERSONALLY LIABLE

The government's attempt to impose personal liability on Mr. Martin when he had absolutely no ability whatsoever to direct or control the activities of the corporate entities in question. As a result, and as a matter of law, he cannot be held personally liable for the conduct of the entities allegedly faxing in violation of the TCPA. His declaration establishes that he had no part whatsoever with the fax broadcasting arm of any of the corporate entities in question. The question under pertinent case law is did he have sufficient control of the corporate entity so as to be personally liable for its activities. The answer to this questions is a resounding "no".

The case of *State of Texas v. American Blast Fax (2001) 164 F. Supp. 2d 892* contains an excellent discussion as to personal liability of corporate employees for statutory violations conducted by corporate entities. Therein the court specifically held that in order to be found personally liable the officers must participate or authorize the commission of the wrongful act and that participation must arise to the standard of being the "guiding spirit" or the "central figure" in the challenged corporate activity. 164 F. Supp. 2d at 897-899. The illegal conduct in question is fax broadcasting. The governments case fails to establish that Mr. Martin had anything to do with fax broadcasting arm of the businesses in question. Mr. Martin's declaration establishes that he had nothing to do with that aspect of the business and indeed his functions involved human resources (no possible violation) and with compliance which involved making sure that people did not receive faxes if they requested that they did not want to receive same. This would be consistent with the obligations imposed by California's anti-fax broadcasting statute Business and Professions Code Section 17538.4 (now repealed). Mr. Martin was never a corporate officer and had no ability to direct any of the conduct of the entities in question and, indeed, was an at-will employee who could be terminated at any time. Therefore, the only conclusion that could be reached is that Mr. Martin had no authority whatsoever to direct the conduct of Fax.com, Inc. of any other entity and, therefore, could never be deemed to be a "central figure" or a "guiding light" OF any of the entities in question.

The government also cites the case of *People vs. Toomey (1984) 157 Cal App. 3rd 1* in

2

1  support of the proposition that Mr. Matin can be held personally liable for the corporate acts in

2  question.  However, the language in <u>Toomey</u> makes it clear that for personal liability then the

3  person in question must have had "control" over the operation of the business.  "And it is

4  settled that a managing officer of a corporation with control over the operation of the business is

5  personally responsible for acts of subordinates done in the normal course of business."  <u>Toomey</u>

6  157 Cal App 3rd at 15.  Thus, it is clear that the key issue is whether or not the person involved

7  had control over the corporate entity.

8          In the absence of the requirement of control, every employee of every corporation that

9  was involved in activity alleged to be illegal could be sued and that is not simply the law.  The

10  key issue under case law is that of "control" because then, it is appropriate to impose personal

11  liability because the persons who controlled the corporation could have required it to discontinue

12  the conduct in question.  Here, Mr. Martin would have simply been terminated forthwith had he

13  attempted to change the conduct of Fax.com, Inc.  As a result, neither under law or equity, can

14  he be held liable for the corporate acts in question.

15                  III.  MARTIN'S ACTIVITIES WITH RESPECT TO PENDING

16                          LITIGATION WERE PRIVILEGED.

17          The governments case makes much of Mr. Martin's activities with respect to his attempts

18  to resolve small claims actions.  This conduct clearly does not violate any provision of the

19  TCPA.  The government introduces conduct in connection with pending litigation and matters

20  that were the subject of attempted settlement.  It is telling that the governments need to try to

21  introduce privileged conduct in it's attempt to hold Mr. Martin personally responsible for

22  violations of the TCPA.  California Civil Code Section 47 (2) provides the absolute privilege for

23  communications made in connection with judicial proceedings.  And doubt as to whether a

24  judicial privilege applies is resolved in favor of applying it.  *Adams v. Superior Court (1992) 2*

25  *Cal Ap. 4th 521.*  The California Supreme Court in *Silburg v. Anderson (1990) 50 Cal 3rd 205*

26  held that the principal purpose of the privilege was to afford litigants and witnesses the upmost

27  freedom of access to the courts without fear of being harassed subsequently by derivative tort

28  actions.  The federal law also recognizes that offers to compromise disputed claims are not

                                        3

DECLARATION OF JAMES H. CASELLO IN OPPOSITION TO MOTION

1  admissible.  Federal Rule of Evidence 408.  The purpose of the prohibition is to encourage

2  freedom of discussion among the parties, thus promoting public policy in favor of dispute

3  resolution without litigation.  *Dimino v. New York City Transit Authorities (1999) 64 F. Supp.*

4  *2d 136 at 161.*

5        Apart from the existence of the privileges in question, Mr. Martin's declaration

6  establishes that during his employment with Fax.com, Inc. his conduct was being monitored by

7  general counsel and outside counsel for Fax.com, Inc.  The documents in question were

8  primarily generated by counsel and apart from the issue of privilege there is simply no blame

9  worthy conduct by Mr. Martin.  Therefore there is no potential claim under any theory of law

10  for liability for the conduct in question that related to attempts to resolve small claims matters.

11      IV.  MARTIN DID NOT PARTICIPATE IN ANY FASHION WITH THE ALLEGED

12  PLAN TO "EVADE LIABILITY"

13        The Declaration of James H. Casello establishes that there was an agreement to defer

14  discovery until attempts to resolve the case by way of settlement were resolved.  As soon as it

15  became clear that Mr. Martin's case would not be resolved the government was promptly served

16  with his responses to the first set of Request for Admissions.  The declaration of Mr. McElvain

17  filed in support of the motion is not a proper declaration.  Discover cut off was constantly

18  continued while the parties engaged in settlement negotiations in good faith.  The issue of

19  deferring the need to respond to discovery while the parties instead attempted to resolve the

20  matter by way of settlement was also discussed in front of Magistrate Battaglia.

21        Therefore, the government's attempt to use a request for admission as to the conclusory

22  allegation that Mr. Martin participated in an attempt to hide assets or that he received assets

23  without fair consideration is improper.  Mr. Martin's declaration clearly establishes that he did

24  not participate in any way shape or form and that he did not receive any assets of the companies

25  in question.  Had the government had any evidence to the contrary it certainly would have

26  produced it in connection with this motion rather than take the position that an answer to a

27  request for admission was untimely served.

28

4

DECLARATION OF JAMES H. CASELLO IN OPPOSITION TO MOTION

1       ## V. CONCLUSION

2           Mr. Martin cannot be personally liable for the violations of the TCPA as he had nothing

3   to do with the fax broadcasting in question.  He had no ability whatsoever to control any of the

4   conduct in the corporations in question and therefore had no "direct involvement" with any of

5   the conduct complained of by the government herein as it relates to the TCPA.  Mr. Martin had

6   nothing to do with the break up of Fax.com, Inc. or the formation of subsequent entities and

7   cannot therefore be possibly held liable under any theory of law for such conduct.

8           What the case really comes down to is an attempt to smear Mr. Martin and his integrity

9   by insinuation based upon his conduct in attempting to resolve small claims matters.  That

10  conduct is clearly privileged and was monitored and supervised by counsel for Fax.com at all

11  times.  There is no logical, factual or legal basis for imposition of liability on any of the grounds

12  asserted against Charles Martin.  These motions must be denied in their entirety.

13

14                                  Respectfully Submitted,

15

16  Dated: July 27, 2006                CASELLO & LINCOLN

17

18                                  By:_____

19                                  James H. Casello, attorneys for Charles Martin

20

21

22

23

24

25

26

27

28

                                          5

## PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is  **1551 N. Tustin Avenue, Suite 850, Santa Ana, California, 92705-8636**.

On **July 27, 2006**, I served the foregoing document(s) described as **"JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTIONS FOR SUMMARY JUDGMENT BY THE UNITED STATES AND BY THE PEOPLE OF THE STATE OF INDIANA AND THE STATE OF CALIFORNIA AGAINST CHARLES MARTIN"** ON ALL INTERESTED PARTIES in this action by placing [] the original [X] a true copy thereof enclosed in sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

On the above date:

[X]      **(BY U.S. MAIL/BY [ ] EXPRESS MAIL)**      The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices.  I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration.  I am readily familiar with Casello & Lincoln's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

[X]      **(BY FACSIMILE TRANSMISSION)** On , at a.m./p.m. at Santa Ana, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court.  The telephone number of the sending facsimile machine was (714) 541-8707, and the telephone number of the receiving facsimile number is listed with the attached mailing list.  A transmission report was properly issued by the sending facsimile machine, an the transmission was reported as complete and without error.  Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

[ ]      **(BY PERSONAL DELIVERY)**      By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

[ ]      **(BY PERSONAL SERVICE)**  I delivered such envelope by hand to the offices of the addressee.

[ ]      **(FEDERAL ONLY)**      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2006, at Santa Ana, California.

Ashley N. Stewart

1

**MAILING LIST**

2

3
Judith A. Fiorentini, Deputy Attorney General
P.O. Box 85266
San Diego, CA 92186-5266
Facsimile: (619) 645-2062

4

**Attorneys for Plaintiff, The People of the State of California**

5

6
Marguerite M. Sweeney, Deputy Attorneys General
302 W. Washington St., 5th Flr.
Indiana Government Center South
Indianapolis, IN 46204
Facsimile: (317) 232-7979

7

8

**Atttorneys for the State of Indiana**

9

10
JOEL McELVAIN, D.C., Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20001
Facsimile:(202) 616-8202

11

12

13
**Attorneys for the Plaintiff-Intervenor, United States of America**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2